(No. 3773— )

JOHN W. GERHARDT, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

DEWITT S. CROW, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint charges that claimant was, in the years 1940 and 1941, operating a farm near New Berlin, Illinois. It is further alleged that he purchased 4,613 gallons of gas during those years which were used by him for farming purposes, and the fuel tax of three cents per gallon was paid by him on that amount of gas, and that he had not received a tax refund from the Department of Finance at the time of the filing of said complaint.

The complaint further alleges that all sales slips issued to him for periodic purchases were left with one Ben Roesch, a distributor of the Standard Oil Company in that locality, to be filed with the proper department of the respondent for the purpose of securing a refund, but that the said Ben Roesch negligently failed to file the sales slips as was directed of him by claimant to secure a refund of said tax.

The record consists of the complaint, a stipulation and the instruments referred to therein, including a report of the Motor Fuel Tax Division of the Department of Finance, which substantially verifies the allegations in said complaint.

Paragraph 3 of said stipulation reads as follows: "That the claimant did not file any claim, for motor fuel gas refund with the Department of Revenue of the State of Illinois, within six months after the date on which the said motor fuel was used by the claimant."

Paragraph 5 of said stipulation is as follows: "That the foregoing paragraphs 1, 2, 3 and 4 of this stipulation and the report of the Department of Finance, dated February 3, 1943, which has heretofore been filed, shall constitute the record in this case."

The Attorney General has made a motion to dismiss this complaint.

Chapter 120, Section 429 of the Ill. Rev. Stat., 1943, provides as follows:

"Any person who loses motor fuel through any cause or uses motor fuel (upon which he has paid the amount required to be collected under this act) for any purpose other than operating a motor vehicle upon the public highways of this State, shall be reimbursed and repaid the amount so paid.

"Claims for such reimbursement shall be made to the Department of Finance, duly certified by the affidavit of the claimant, or one of the principal officers if the claimant is a corporation, upon forms prescribed by the department. The claims shall state such facts relating to the purchase, importation, manufacture or production of the motor fuel by the claimant as the department may deem necessary, and the time when, and the circumstances of its loss or the specific purpose for which it was used (as the case may be). Claims for reimbursement must be filed not later than six months after the date on which the motor fuel was lost or used by the claimant."

In *Silver-Burdette Company* vs. *State,* 8 C. C. R., 539, this court held that where a statute provides a remedy and fixes the time within which the same may be availed of, the Court of Claims has no jurisdiction to extend such time.

Claimant did not present a proper claim within a six months period fixed by the Statute, and it is stipulated in this record that the person upon whom claimant relied to file, negligently failed to file for him.

Claimant contends that a fraud was perpetrated on him by the agent of the Standard Oil Company at New Berlin, Illinois, and that the fraud was not discovered by claimant until the statutory period of time had elapsed for filing of claim with the Department of Revenue.

The claimant, having appointed the said Ben Roesch as his agent, is not now in a position to excuse his failure to comply with the terms of the Statute because of the negligence of his own agent.

The claimant, not having justified his delay in seeking a refund, the motion of the Attorney General must be sustained and the cause dismissed.